Tracey Neighbor Johnson
Natasha Prinzing Jones
Thomas J. Leonard
BOONE KARLBERG, P.C.
201 West Main, Suite 300
P.O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-6646
tnjohnson@boonekarlberg.com
npjones@boonekarlberg.com
tjleonard@boonekarlberg.com
*Attorneys for Defendants City of Whitefish and Bridger Kelch*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| BEKER RENGIFO DEL CASTILLO,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL HINGISS, in his individual and official capacity, BRIDGER KELCH, in his individual and official capacity, and CITY OF WHITEFISH,<br><br>Defendants. | Cause No. 9:25-CV-00127-KLD<br><br><br>**DEFENDANT CITY OF WHITEFISH'S BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE: STATE LAW CLAIMS** |

**INTRODUCTION**

This case arises out of an approximately 14-minute traffic stop in Whitefish, Montana, for an undisputed traffic violation. Plaintiff Beker Rengifo Del Castillo ("Rengifo") has asserted federal and state law claims related to the police officer's decision to contact U.S. Customs and Border Protection ("CBP") during the course

1

of the stop.  His state law claims, which are asserted exclusively against the City, should be dismissed because there is no dispute Rengifo has failed to exhaust his state law remedies.  Defendant City of Whitefish ("City") Motion for Partial Summary Judgment Re: State Law Claims should be granted.

## BACKGROUND

Rengifo is alleged to be a Venezuelan citizen living in Flathead County. (Statement of Undisputed Facts ("SUF"), ¶ 1.)  On April 24, 2025, Whitefish Police Officer Michael Hingiss ("Hingiss") stopped Rengifo for driving with a broken taillight.  (SUF, ¶ 2.)  During the course of the stop, Hingiss contacted CBP.  (SUF, ¶ 3.)  CBP agents arrived on the scene.  (SUF, ¶ 4.)  Hingiss gave Rengifo a warning for the traffic violation and left.  (SUF, ¶ 5.)  As understood, the gist of Rengifo's complaint is that the call unconstitutionally prolonged the traffic stop.

Rengifo alleges federal law claims under 42 U.S.C. § 1983, claiming violations of his Fourth and Fourteenth Amendment rights.  Those claims are not at issue in this motion.  This motion concerns Rengifo's four state law claims asserted against the City:

1.  Mont. Const. art II, § 11 Unconstitutional Seizure (City)

2.  Negligence (City)

3.  False Arrest (City)

4. Failure to Train (City)

(Doc. 3 at ¶¶ 68-89.)

On September 3, 2025—nearly a month after filing the federal lawsuit—Rengifo filed a complaint with the Montana Human Rights Bureau ("HRB") against the City and Hingiss. (SUF, ¶ 6.) The HRB complaint is largely cut and pasted from the civil complaint filed in this action, and is based on the very same operative facts. (*Id.*, ¶ 7.) In the HRB complaint, Rengifo alleges Hingiss's call to CBP and his alleged prolonged detention of Rengifo until CBP arrived amounted to unlawful discrimination that was "sanctioned" by the City, listing five alleged violations of the Montana Human Rights Act:

> Count I. "Hingiss and Whitefish called CBP because of Beker's race, ethnicity, national origin or language," and thus "discriminated against Beker based on his race, national origin, ethnicity or language," in violation of Mont. Code Ann. § 49-3-205(1). (*Id.*, ¶ 9.)
>
> Count II. The alleged discrimination was "based on Whitefish's agreement, arrangement, or plan to call CBP, or other federal immigration agencies, for drivers that speak Spanish or appear Hispanic or Latino," and thus had "the effect of sanctioning discriminatory practices," in violation of Mont. Code Ann. § 49-3-205(2). (*Id.*, ¶ 10.)
>
> Count III. The alleged discrimination "constituted a refusal, denial or withholding of services, facilities and privileges," in violation of Mont. Code Ann. § 49-2-308(1)(a). (*Id.*, ¶ 11.)
>
> Count IV. The alleged discrimination amounted to discriminatory government services, in violation of Mont. Code Ann. § 49-2-308(1)(a) and § 49-3-205(1). (*Id.*, ¶ 12.)

3

Count V.  "Whitefish appears to collect insufficient data to determine whether its peace officers have a pattern of stopping members of minority groups for violations of vehicle laws in a number disproportionate to the population of minority groups residing or travelling within the jurisdiction of the law enforcement agency," and "to analyze whether its officers routinely stop members of minority groups for violations of vehicle laws as a pretext for investigating other violations of law, or immigration status," in violation of Mont. Code Ann. § 49-3-205(3).  (*Id*., ¶ 13.)

The HRB is conducting an investigation and has yet to issue a decision in the matter.  (*Id*., ¶ 15.)  The proceeding is currently pending before the HRB.  (*Id*., ¶ 15.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "When the moving party has carried its burden under Rule 56(c) its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586-87 (1986) (citation and internal quotation marks omitted).  The non-moving party "cannot rely on conclusory allegations unsupported by factual data" or "unsupported denials or rank speculation" to create an issue of material fact.  *Derderian v. Sw. & Pac. Specialty Fin., Inc.*, 2014 U.S. Dist. LEXIS 170391, at *5 (S.D. Cal. Dec. 8, 2014) (citing and quoting *Hansen v.*

*U.S.*, 7 F.3d 137, 138 (9th Cir. 1993); *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).  Nor will evidence that is "merely colorable" overcome summary judgment.  *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1136-37 (9th Cir. 2009).  Here, Rengifo is unable to meet his burden under Rule 56 because there is no dispute he failed to first exhaust his state law remedies.

## ANALYSIS

**I.     THE STATE LAW CLAIMS SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

Under Montana law, the Montana Human Rights Act ("MHRA") establishes the "<u>exclusive</u> remedy for acts constituting an alleged" discriminatory practice under the MHRA's provisions.  Mont. Code Ann. § 49-2-512(1) (emphasis added); *Borges v. Missoula Cnty. Sheriff's Office*, 2018 MT 14, ¶ 19, 390 Mont. 161, 415 P.3d 976.  As Rengifo's HRB complaint attests, the same acts forming the basis of his state law claims in this lawsuit—Officer Hingiss's call to CBP, his alleged prolonged detention of Rengifo, and the City's alleged failure to properly train and supervise Hingiss—also form the basis of the alleged statutory violations found in his HRB complaint.  (SUF, ¶ 8.)  Accordingly, Rengifo's state law claims may only be pursued in accordance with the procedures outlined in the MHRA.  Mont.

Code Ann. § 49-2-512(1).[1]  The undisputed material facts prove he has failed to comply with those procedures.

A claim for relief "may not be entertained by a district court other than by the procedures specified" in the MHRA.  *Id*.  Under the MHRA procedures, a party claiming discrimination may not file a claim in district court without first obtaining an adjudication of the claim by the HRB.  *Id*.; *see also Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 39, 337 Mont. 1, 155 P.3d 1247 (holding petitioners' "failure to exhaust available administrative remedies" under the MHRA precluded them "from bringing a viable claim in district court"); *Shields v. Helena Sch. Dist. No. 1*, 284 Mont. 138, 149, 943 P.2d 999, 1005 (1997) ("No action may be filed in district court until the procedures of the Montana Human Rights Commission have been exhausted."); *Griffith v. Butte Sch. Dist. No. 1*, 2010 MT 246, ¶ 35, 358 Mont. 193, 244 P.3d 321 (holding suit was proper because the HRB issued a notice of dismissal).  More specifically, only after the agency dismisses a discrimination claim may the charging party commence a civil action for appropriate relief on the merits of the case.  Mont. Code Ann. §§ 49-2-594(7)(b), 49-2-511(3); *see also,*

---

[1] These state law restrictions do not apply to Rengifo's federal claims.  *Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 39, 337 Mont. 1, 155 P.3d 1247 (citing *Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 500-16, 102 S. Ct. 2557, 2559-68, 73 L. Ed. 2d 172 (1982) and holding "[a] party normally need not exhaust available state administrative remedies before seeking to vindicate a federal constitutional or statutory right through a § 1983 action filed in federal or state court").

*e.g., Griffith*, ¶ 36.  The MHRA thus "constrains a district court to entertain only those claims that the HRB adjudicates after a thorough investigation."  *Borges*, ¶ 23 (citing Mont. Code Ann. § 49-2-512(1); *Griffith*, ¶ 35; *Jones*, ¶ 39; and *Shields*, 284 Mont. at 149, 943 P.2d at 1005).

Rengifo did not file his HRB complaint until after he initiated this lawsuit. (SUF, ¶ 6.)  Moreover, his HRB complaint has not been dismissed—the proceeding remains ongoing, with no decision yet issued by the agency.  (*Id.*, ¶ 15.)  As such, Rengifo's state law claims against the City are, at best, premature. Mont. Code Ann. §§ 49-2-594(7)(b), 49-2-511(3); *see also, e.g., Griffith*, ¶ 36.

**CONCLUSION**

For the reasons stated, the City's Motion for Partial Summary Judgment Re: State Law Claims should be granted.

DATED January 15, 2026.

> BOONE KARLBERG P.C.
>
> /s/ Thomas J. Leonard
> Thomas J. Leonard
> *Attorneys for Defendants City of Whitefish and Bridger Kelch*

7
